UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA FLOWERS,

        Case No. 13-11457

    Plaintiff,

        Paul D. Borman
v.        United States District Judge

        David R. Grand
COMMISSIONER OF        United States Magistrate Judge
SOCIAL SECURITY,

    Defendant.
_____/

OPINION AND ORDER:
(1) DENYING PLAINTIFF'S OBJECTION (ECF NO. 14);
(2) ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF NO. 13);
(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 7);
AND (4) GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (ECF NO. 11)

      On February 14, 2014, Magistrate Judge David R. Grand issued a Report and Recommendation addressing the outstanding motions in this action.  (ECF No. 13).  In the Report and Recommendation, the Magistrate Judge recommends that this Court deny Plaintiff Tina Flowers' motion for summary judgment.  (ECF No. 7).  Further, the Magistrate Judge recommends that this Court grant Defendant's motion for summary judgment.  (ECF No. 11).

      Now before the Court is Plaintiff's Objection to the Magistrate Judge's Report and Recommendation.  (ECF No. 14).  Defendant also filed a response.  (ECF No. 15).  Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court DENIES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, DENIES

Plaintiff's Motion for Summary Judgment, and GRANTS the Defendant's Motion for Summary Judgment.

## I. BACKGROUND

**A.   Procedural Background**

The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the Administrative Record are accurately and adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (ECF No. 13, Report and Recommendation at 1-13). Briefly, the Plaintiff protectively filed for Supplemental Security Income ("SSI") on October 1, 2010, alleging a disability onset date of June 14, 2010. (Tr. 13). Plaintiff's application was denied and she requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 13). The hearing was held on January 20, 2012, before ALJ Kevin W. Fallis; Plaintiff was represented by counsel; a Vocational Expert ("VE") testified at the hearing. (Tr. 13).

On February 13, 2012, the ALJ issued a written decision denying Plaintiff's claims because she retained the capacity to perform a range of sedentary work with certain exertional and non-exertional limitations. (Tr. 13-26). The ALJ found that Plaintiff had not engaged in any substantial gainful activity since October 1, 2010. (Tr. 15). The ALJ also found that the Plaintiff suffered from the severe impairments of "headaches, degenerative disc disease of the cervical spine, mood disorder, cognitive disorder, left knee pain and vomiting". (Tr. 15). However, the ALJ found that while these impairments were "severe" they did not prevent all work activity. (Tr. 15). The ALJ then found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed

impairments. (Tr. 23-25). In light of the entire record, the ALJ determined that the Plaintiff had the residual functioning capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a):

> except allowing person to sit or stand alternatively, provided this person is not off task more than 10% of the work period. Occasional pushing or pulling with the bilateral upper extremity; occasional operation of foot controls with the left lower extremity. Never climb ladders, ropes or scaffolds; occasionally climb ramps or stairs, balancing, stooping, knelling, crouching and crawling. Frequent bilateral reaching and overhead reaching, bilateral handling objects and fingering. Avoid all exposure to excessive vibration, use of moving machinery and exposure to unprotected heights. Work is limited to simple, routine and repetitive tasks performed in a work environment free of fast paced production requirements involving only simple work-related decisions and routine work place changes. Only occasional superficial interaction with the public and coworkers.

(Tr. 23). The ALJ also determined that Plaintiff was unable to perform any of her past relevant work, but that a significant number of jobs existed in the national economy that Plaintiff was capable of performing. Therefore, the ALJ determined that Plaintiff was not disabled. (Tr. 25-26).

Plaintiff appealed this decision. On December 18, 2012, the Appeals Council denied her request for review. (Tr. 1-3). Thereafter, on February 21, 2013, Plaintiff filed her complaint in this Court seeking judicial review of the Defendant Commissioner's decision. (ECF No. 1).

The parties filed cross motions for summary judgment which were referred for decision to Magistrate Judge Grand. (ECF Nos. 7 & 11). On February 14, 2014, the Magistrate Judge issued a Report and Recommendation which recommended denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. (ECF No. 13). The Magistrate Judge found that there was substantial evidence in the record to support the ALJ's RFC assessment and the ALJ properly weighed and addressed the opinion of Plaintiff's

treating neurologist, Dr. Broder.  (ECF No. 13).  Thereafter, Plaintiff filed her Objection to the Report and Recommendation and Defendant filed a response.  (ECF Nos. 14 & 15).

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions.  FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).  In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards.  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive ... "); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec*., 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted).  "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).  "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."  *Rogers*, 486 F.3d at 247.

4

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III. ANALYSIS

Plaintiff objects to the Magistrate Judge's Report and Recommendation arguing that the Magistrate Judge failed to properly apply and enforce Social Security Ruling 96-2p and 20 C.F.R. § 416.927(c)(2) where the ALJ did not give "good reasons" for discounting Dr. Broder's medical opinion regarding Plaintiff's restrictions and limitations. Specifically, Plaintiff argues that the Magistrate Judge failed to properly analyze whether the ALJ set forth "good reasons" as required by SSR 96-2p and that there was not substantial evidence supporting the ALJ's decision to omit the restrictions that Plaintiff "need to lie down at her discretion, need to be off task and need to be absent more than twice a month" in the ALJ's RFC assessment. (Pl.'s Obj. at 3, 7).

On August 8, 2011, Dr. Broder, Plaintiff's treating neurologist, completed a Medical Source Statement in which he opined that Plaintiff can sit for five hours, stand for four hours, and walk for two hours in an eight-hour workday; needs to sit or stand, and lie down or recline at

5

her own discretion; is extremely limited in bending and stooping, can occasionally kneel, and can frequently squat; can occasionally engage in simple grasping, pushing and pulling, and fine manipulating; can frequently reach and reach above shoulder level; and can lift up to 10 pounds occasionally and up to five pounds frequently. (Tr. 285-86). Dr. Broder further opined that Plaintiff's pain, fatigue, or other symptoms markedly interfere with her ability to understand, remember and/or carry out instructions; maintain attention and concentration for extended periods of time; and work on a sustained and continuous basis without an unreasonable number and length or rest periods. (Tr. 286). Additionally, Dr. Broder found that Plaintiff's pain and fatigue, or other symptoms, would likely result in her missing three or more days of work in a typical month. (*Id.*).

Despite Plaintiff's attempts to construe the ALJ's treatment of Dr. Broder's opinion as a wholesale rejection, the ALJ addressed Dr. Broder's decision and "accept[ed] much of the doctor's statements in relation to [Plaintiff's] ability to sit, stand and walk in an 8-hour day." (Tr. 21). Indeed, the ALJ's RFC assessment reflects that the Plaintiff must be allowed to have a sit and stand option. The ALJ did, however, discount Dr. Broder's opinions regarding the amount of time claimant would miss work in a typical month were "conclusory" and not consistent with the overall record and "[a]s such his 'conclusions' are not accepted as conclusive." (Tr. 21).

The Court notes that an opinion of a limitation or disability given by a treating source is entitled to deference and "[i]f the opinion of the claimant's treating physician is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record, it must be given controlling weight." *Hensley*

*v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009) (internal quotation marks omitted) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).  The regulations provide that an ALJ will give controlling weight to a treating source's opinion under the treating-physician rule only if it is both well supported by medically acceptable data and it is consistent with other substantial evidence.  *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013); *see* 20 C.F.R. § 404.1527(c)(2).

However, when an ALJ determines that a treating physician's opinion is not entitled to "controlling weight" the inquiry does not stop.  "[I]n all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (citing SSR 96-2p (1996), 1996 WL 374188, at *4).  "[T]he Commissioner imposes on its decision makers a clear duty to "always give good reasons in our notice of determination or decision for the weight we give [a] treating source's opinion."  *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).  When controlling weight is not accorded to a treating-source opinion, "then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, as well as the treating source's area of speciality and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence".  *Gayheart*, 710 F.3d at 376 (internal citations omitted).  Those "good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  *Cole*, 661 F.3d at 937 (quoting SSR 96-2p (1996), 1996 WL 374188, at *5); *see also Gayheart*, 710 F.3d at 376 (citing same).  However, an ALJ need not set

forth an exhaustive "factor-by-factor" analysis as long as the ALJ gives "good reasons" for the weight assigned to the treating source's opinion. *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 805 (6th Cir. 2011). Where an ALJ fails to provide "good reasons", a district court may affirm the decision only if it finds the error was harmless. *Wilson*, 378 F.3d at 546-47.

Plaintiff asserts that the Magistrate Judge erred in finding that the ALJ gave good reasons for discounting Dr. Broder's opinion regarding Plaintiff's restrictions and limitations. The Court finds that the Magistrate Judge's report sets forth a detailed and reasoned analysis of the ALJ's treatment of Dr. Broder's opinion. (ECF No. 13, at 18-22). Indeed, the Magistrate Judge was correct in noting that the Sixth Circuit has held that "[c]onclusory statements from physicians are properly discounted by ALJs." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2009). And as the ALJ observed, Dr. Broder failed to give any explanation for his conclusion that Plaintiff would need to miss work three or more days a month due to her symptoms. (Tr. 20-21). This finding was also supported by the internal inconsistency between Dr. Broder's Medical Source Opinion and Dr. Broder's progress notes from May 2011, in which he noted that Plaintiff's headaches were "fairly well-controlled; and have improved since her previous appointment earlier this year" and noting Plaintiff decreased her use of analgesics. (Tr. 19, 279). Dr. Broder further noted in May 2011, that Plaintiff need not come in for a follow up appointment, and directed she call in two weeks so he could determine whether any other treatment was warranted. (*Id*.). Similarly, Dr. Broder's September 2010 notes provide that while the CT scan of Plaintiff's neck showed a bulging disc at C4-C5 level, he found that she did not have cervical radiculopathy. (Tr. 17, 24, 248-49, 251).

Here, Dr. Broder's August 2011 opinion is at odds and not supported by his previous

opinions regarding Plaintiff's progress and symptoms. The Court also notes there were no other examinations by Dr. Broder between his May 2011 notes and his August 2011 Medical Source Opinion. As accurately noted by the Magistrate Judge, an ALJ is not obligated to give weight to a treating physician's opinion when his or her treatment notes do not support such severe limitations. *Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 663, 666-67 (6th Cir. 2004).

Further, the ALJ found that Dr. Broder's opinion regarding Plaintiff's need to miss three or more days of work a month was not consistent with the overall medical record. This finding is supported by the ALJ's detailed recitation of Plaintiff's medical record which showed: no abnormalities, neuropathy or radiculopathy in her hands (Tr. 17, 24, 248-49, 251) and no fracture, no sublaxation, no mal-alignment, and no soft tissue swelling in her neck as evidenced in the September 2010 or October 2010 CT scans. (Tr. 16, 17, 24, 248-49, 251). Additionally, this portion of Dr. Broder's opinion was also contradicted by Dr. Bhangu's January 2012 findings that Plaintiff's neurological, sensory, and cerebral examinations were normal and provided no mention of any neck pain.[1] (Tr. 21, 334-35).

The Court notes that while the ALJ did not exhaustively provide a factor-by-factor analysis regarding his rejection of this portion of Dr. Broder's opinion, the Court finds that such an analysis is not needed where the ALJ did determine that a portion of Dr. Broder's opinion was

---

[1] To the extent Plaintiff appears to argue that vomiting or nausea related or caused by her headaches would have caused her to be absent from work three or more days per month, this argument is without support in the record. Indeed, Plaintiff only complained of vomiting and nausea as related to her headaches in a July 2010 follow-up appointment with her primary care physician after her initial injury (Tr. 263) and then again in June 2011 as it related to a diagnosis of gastritis. (Tr. 295). Plaintiff never mentioned these symptoms at any of her visits with Dr. Broder and also did not mention these symptoms when she presented for treatment in April 2011, August 2010, or September 2010. (Tr. 258, 260, 294, 300).

9

without any support and also inconsistent with the record as a whole. *See Francis*, 414 F. App'x at 805. Further, the Court recognizes that the ALJ acknowledged Dr. Broder's speciality and meticulously summarized each of Plaintiff's visits with Dr. Broder as well as reciting all of Plaintiff's treatment history with great detail. (Tr. 16-24). Therefore, the Court finds that the ALJ set forth "good reasons" for disregarding the portion of Dr. Broder's opinion relating to Plaintiff's ability to miss work three or more time per month pursuant to SSR 96-2p and 20 C.F.R. § 416.927(c)(2).[2]

Plaintiff also argues that the ALJ erred in failing to give good reasons for discounting Dr. Broder's opinion in his Medical Source Opinion that Plaintiff needed to lie down or recline at her own discretion. (Tr. 285). While the ALJ did specifically note the reason he discounted Dr. Broder's opinion that Plaintiff would miss three or more days of work per month, the ALJ did not specifically address Dr. Broder's opinion that Plaintiff needed to lie down at her discretion throughout the day and did not include that limitation in his RFC assessment. (Tr. 21).

The Sixth Circuit has held that a failure to give good reasons can be deemed to be 'harmless error if "(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of [the treating physician rule] ... even though she has not complied with the terms of the regulation." *Cole*, 661 F.3d at 940 (quoting *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543,

---

[2] The Sixth Circuit has recognized that the numbering of the "treating physician rules" recently changed. Therefore, effective as of March 26, 2012, section 416.927(d)(2) became 416.927(c)(2), and section 404.1527(d)(2) "the identically worded and interpreted rule" applying to Federal Old-Age, Survivors and Disability Insurance – became 404.1527(c)(2)." *Johnson-Hunt v. Comm'r of Soc. Sec.*, 500 F. App'x 411, 417 n. 6 (6th Cir. 2012).

551 (6th Cir. 2010)). The Sixth Circuit has elaborated on the third circumstance stating that, "[i]n the last of these circumstances, the procedural protections at the heart of the rule may be met when the 'supportability' of a doctor's opinion, or its consistency with other evidence in the record, is *indirectly* attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments." *Friend*, 375 F. App'x at 551 (citation omitted) (emphasis in original).

In the instant case, the ALJ did credit a portion of the Commissioner's opinion while discounting other portions. (Tr. 21). Therefore, it cannot be said that Dr. Broder's opinion is so "patently deficient" that the Commissioner could not credit it. *See Cole*, 661 F.3d at 940 (noting that where an ALJ found the opinions of the treating source were sufficient as to the category of diagnosis they could not be found to be "patently deficient".). Further, while the ALJ did rely upon a portion of Dr. Broder's Medical Source Opinion, his opinion that she be able to lie down at her discretion was not included in his RFC assessment, therefore the ALJ's findings were not consistent with this portion of his opinion. However, the Court finds that the ALJ's treatment of Dr. Broder's opinion met the goal of § 416.927(c)(2) where that finding lacks consistency with other evidence in the record and was indirectly attacked through the ALJ's analysis of Plaintiff's ailments.

Indeed, the Court finds that the ALJ's rationale for discounting Dr. Broder's opinion regarding the amount of time Plaintiff would miss in a typical month can be similarly applied to the equally conclusory statement in Dr. Broder's Medical Source Statement regarding Plaintiff's need to lie down at her discretion. First, and most obviously, Dr. Broder's assessment that Plaintiff needed to lie down at her discretion is as equally conclusive and lacking any

11

explanation.  *See White*, 572 F.3d at 286; *see also* 20 C.F.R. § 416.927(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.").  Additionally, Dr. Broder's opinion that Plaintiff must lie down at her discretion was not consistent with the overall record for the same reasons Dr. Broder's opinion that Plaintiff would miss more than three days of work a month was inconsistent with the overall record.  Notably, Dr. Broder's last examination of Plaintiff found that her headaches were fairly well-controlled, she was decreasing her medications, and her neurological examination remained normal.  (Tr. 19, 279).  While Plaintiff argues that this one progress note should not be the "focus" of finding inconsistencies in Dr. Broder's opinions, it appears that these notes from May 2011 summarizes more than half of Dr. Broder's interactions with Plaintiff and constitutes his last interaction with her before authoring his Medical Source Statement.  Again, the second opinion sought by Plaintiff with Dr. Bhangu, in January 2012, is inconsistent with a finding that Plaintiff needs to lie down at her discretion, where the medical opinion fails to make any mention of neck pain and notes that all of her neurological, sensory, and cerebral examinations were normal. (Tr. 16, 334-36).

Finally, as the Magistrate Judge correctly noted, the ALJ found Plaintiff's own testimony regarding her symptoms and their severity not credible based on both her reported activities of daily living, in addition to Plaintiff's statement to medical providers, and the medical evidence. (Report, at 17-18; Tr. 23-24).  The ALJ noted that despite Plaintiff's continued reporting of headaches, her neurological examinations repeatedly showed no focal sensory or motor deficits. (Tr. 24).  Further, while Plaintiff complained that she suffered memory problems, she had no problems with naming or repetition at her consultive examination and her recall was good.  (*Id.*).

Finally, the ALJ noted that Plaintiff testified that she suffered consistently with vomiting, she failed to complain of this symptom at the majority of her doctor appointments. (*Id*.). Therefore, there was substantial evidence to support the ALJ's credibility determination of Plaintiff and his discounting of her testimony regarding her symptoms and their severity.

Therefore, the Court finds the ALJ's failure to give good reasons for discounting Dr. Broder's conclusory opinion regarding Plaintiff's need to lie down at her discretion constitutes harmless error where the finding lacked consistency with other evidence in the record and was indirectly attacked through the ALJ's analysis of Plaintiff's ailments. Accordingly, Plaintiff's objection as to the same is denied.

### IV. CONCLUSION

For all the reasons set forth above, the Court denies Plaintiff's Objection (ECF No. 14), adopts the Report and Recommendation (ECF No. 13); denies Plaintiff's Motion for Summary Judgment (ECF No. 7); and grants Defendant's Motion for Summary Judgment (ECF No. 11).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2014.

s/Deborah Tofil
Case Manager